UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE MCNEILL | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| NELSON, WATSON & ASSOCIATES, LLC | JURY TRIAL DEMANDED |
| Defendant | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Jacqueline McNeill, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Jacqueline McNeill (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Jacqueline McNeill, is an adult natural person residing at 141 Lanes Pond Road, Northford, CT 06472. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Nelson, Watson & Associates, LLC at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the State of Connecticut and the State of New Jersey with its principal place of business located at 80 Merrimack St. Lower Level, Haverhill, MA 01830-5211 and a registered office located at 830 Bear Tavern Road, Trenton, NJ 08628-1020.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.     FACTUAL ALLEGATIONS

7.     On or around April 5, 2010 an agent of the Defendant, "Garrett", began a series of harassing and abusive phone calls to the Plaintiff's parent's home phone, Plaintiff's cell phone and Plaintiff's work phone.

8.     On April 5, 2010, Plaintiff received a phone call from an agent of the Defendant, "Garrett" at her parent's home.

9.     "Garrett" informed Plaintiff he was collecting on a debt owed to Capital One Services, LLC.

10.    Plaintiff explained to "Garrett" that she was under the impression NCO Financial Systems, Inc. had been calling regarding the same debt, and Capital One was still sending her statements as well. "Garrett" responded "It doesn't matter how many people are calling you."

11.    During the same phone call, Plaintiff politely requested that "Garrett" not call her parent's house and was told, "We can call any number that we want."

12.    Plaintiff received another call on April 8, 2010 from "Garrett". In discussing a payment plan, Plaintiff offered a monthly payment of $100.00, but was told "Are you kidding me? The bill is over $4000.00, that's ridiculous."

13.    Also during the April 8, 2010 phone call, Plaintiff explained to "Garrett" that she could not afford to pay the full balance due to recent hardships in her life. "Garrett" responded by threatening, "If you don't pay this we are going to give it back to Capital One and they are going to hire a local attorney who will sue you."

14. "Garrett" also asked about her assets, and when Plaintiff revealed she owned a car, "Garrett" told her that he recommends to clients who are in a similar situation to sell any assets which could help satisfy the balance.

15. "Garrett" has called her parents home and asked to speak with the Plaintiff regarding a legal matter. When Plaintiff's mother asked why he was calling her home, "Garrett" told her that her daughter, the Plaintiff, gave her the number, a statement that Plaintiff denies the validity of. "Garrett" also warned, "You will take down my number, this is a legal matter."

16. Plaintiff sent the Defendant a letter on April 8, 2010 requesting that she not be contacted via telephone, and especially not by "Garrett", because of the aggravation "Garrett" causes. See a copy of the letter appended hereto and marked "**EXHIBIT A**".

17. On April 14, 2010 "Garrett" called the Plaintiff at her place of business, and she reminded him that she had asked both verbally and in writing to not be called while on her work phone. "Garrett" responded "You need to resolve this issue and you need to resolve it today or I'm going to continue to call you and I don't care what phone I call you on."

18. Plaintiff has not received anything in writing from the Defendant, including a thirty day validation notice.

19. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

20. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692c(a)(1): At any unusual time, unusual place or unusual time or place known to be inconvenient to the consumer
>
> § 1692c(a)(3): At place of employment when knows that the employer prohibits such communications

| | |
|---|---|
| § 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| § 1692c(c): | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Nelson, Watson & Associates, LLC for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

      c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

      d.      Such addition and further relief as may be appropriate or that the interests of justice require.

## V.     JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date:  April 26, 2010

BY: */s/ Bruce K. Warren*
Bruce K. Warren, Esquire
BY: */s/ Brent F. Vullings*
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff